# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GENESIS STRATEGIES, INC.,<br>Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | **CIVIL ACTION**<br>**NO. 11-12270-TSH** |
| PITNEY BOWES, INC.,<br>ICSN, INC.,<br>Defendants. | ) ) ) ) | |

## <u>ORDER ON MOTION FOR EXTENSION</u>

### September 3, 2013

Hennessy, M.J.

By Order of Reference dated August 26, 2013, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #39), this matter was referred to me for a ruling on Plaintiff's Motion for a 10-Day Enlargement of Time to Identify Experts and Complete Survey. (Docket #34). For the reasons that follow, I hereby ALLOW the Motion.

## I.      BACKGROUND

On December 7, 2012, the Court entered a discovery order requiring Plaintiff to designate its trial experts and disclose any Federal Rule of Civil Procedure 26(a)(2) material by July 29, 2013. (Docket #20). Defendants' trial experts were to be disclosed by September 16, 2013, and deposed by October 30, 2013. (<u>Id.</u>). All discovery, other than expert discovery, was to be completed by July 1, 2013. (<u>Id.</u>).

On June 28, 2013, the case was referred for mediation after the parties informed the Court that discovery was almost completed. (Docket #26). The mediation took place on July 24, 2013, in front of Judge Boal. (Docket #33).

Plaintiff filed the instant motion on July 30, 2013, seeking a ten-day enlargement of the period in which it could designate its expert and complete its survey in this matter.[1] Defendants filed a joint opposition on August 1, 2013. (Docket #35). On August 9, 2013, Plaintiff filed a notice that it had served its expert report and survey on all Defendants as of that date. (Docket #36). Defendants filed a supplemental opposition on August 14, 2013. (Docket #37). Plaintiff filed a reply on August 15, 2013. (Docket #38). This matter is now ripe for adjudication.

III.    ANALYSIS

Pursuant to Federal Rule of Civil Procedure 6: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "A trial court's determination as to whether an instance of neglect is (or is not) excusable has a significant equitable component and must give due regard to the totality of the relevant circumstances surrounding the movant's lapse." Bennett v. City of Holyoke, 362 F.3d 1, 5 (1st Cir. 2004). "These include . . . the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including

---

[1] Plaintiff attached a Local Rule 7.1(a)(2) certificate to its motion, stating that counsel attempted to confer with Defendants' counsel on July 30, 2013 via email. (Docket #34 at 3). The certificate states that Counsel for Defendant Pitney Bowes had an automatic reply to the email stating that he was out of the office and that Counsel for Defendant ICSN, Inc. did not respond to the request as of the writing of the motion. (Docket #34 at 3). Plaintiff's email, sent at 11:03 a.m., asked Defendants, "Please let me know today as I will otherwise have to file a motion." (Docket #35-2 at 2). The motion was filed at 3:47 p.m. (Receipt for Docket #34). Defendants assert that Plaintiff did not in fact comply with Local Rule 7.1 because it did not wait for a response from Defendants' counsel or follow up with a telephone call prior to filing the motion. (Docket #35 at 5). The Court finds that Plaintiff adequately complied with Local Rule 7.1. In making this finding, the Court notes that Defendants have not alleged that they would have agreed to the extension or filed a less stringent opposition if they had been given a longer period in which to consider the motion.

whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).  Of these four factors, "the excuse given for the late filing must have the greatest import."  Hospital del Maestro v. Nat'l Labor Relations Bd., 263 F.3d 173, 175 (1st Cir. 2001) (quoting Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000)).  In Pioneer Investment Services Co. v. Brusnwick Associates Ltd. Partnership, the Supreme Court construed the term "excusable neglect" as permitting late filings caused not only by "intervening circumstances beyond the party's control," but also by "inadvertence, mistake, or carelessness."  Pioneer Inv. Servs., 507 U.S. at 388.

Plaintiff provides two reasons for its motion.  First, it asserts that it has yet to receive the transcript of the deposition of Defendant ICSN, Inc.'s witness, which was taken after the scheduled close of discovery, on July 25, 2013, by agreement of the parties.[2]  (Docket #34 at 1). Second, it asserts that, to avoid unnecessary costs in lieu of the pending mediation on July 24, 2013, Plaintiff suspended its efforts to obtain a survey until after the mediation was complete. (Id.).  Plaintiff is amenable to extending Defendants' expert deadlines by a corresponding ten days.  (Id. at 2).  Plaintiff asserts that the Defendants will not suffer any prejudice if the motion is granted and Defendants do not claim any prejudice.  (Id.).

The Court would have granted a timely request for an extension in this case.  The one-day delay in making the motion was minimal.  Defendants have not alleged that they would be prejudiced by an extension nor does the Court find that the Plaintiff was acting in bad faith. While the excuse offered for the late filing is weak, the Court must look at what effect the denial of the motion will have on the merits of the case.  See Abrami v. Town of Amherst, No. 11-1384,

---

[2] The parties disagree as to which party chose the date and location of the deposition of ICSN, Inc. and to whose benefit that designation accrued.  (Compare Docket #35 at 3 n.2, with Docket #38 at 2-4).

2013 U.S. App. LEXIS 14843, at *4-5 (1st Cir. Jan. 14, 2013) (holding that, although plaintiff offered an excuse for his late filing that was "anything but robust," in determining whether the delay was a result of excusable neglect, the potential merits of the arguments raised in the tardy filing were relevant to the equitable inquiry).  In light of the importance of an expert in an unfair competition claim under the Lanham Act, the Court finds that the extension should be granted. This comports with the Court's preference for deciding cases on the merits.  See, e.g., Vazquez-Rijos v. Anhang, 654 F.3d 122, 127 (1st Cir. 2011).

IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a 10-Day Enlargement of Time to Identify Experts and Complete Survey (Docket #34) is ALLOWED.   Defendants' expert discovery deadlines are hereby extended by a corresponding ten (10) days.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

4