UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GENESIS STRATEGIES, INC. | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **NO. 11- 12270-TSH** |
| | ) | |
| PITNEY BOWES, INC., and | ) | |
| ICSN, INC. | ) | |
| Defendants | ) | |

**ORDER ON DEFENDANTS PITNEY BOWES, INC.'s MOTION FOR
RECONSIDERATION (Docket No. 87)
August 27, 2014**

HILLMAN, D.J.

Plaintiff Genesis Strategies ("Plaintiff") filed a complaint against Pitney Bowes, Inc. ("Pitney Bowes") and ICSN, Inc. ("ICSN") (collectively "Defendants") seeking monetary damages from Pitney Bowes for trade dress infringement (Count I), violation of M.G.L. c. 93A sec. 11 (Count II), and fraudulent misrepresentation (Count V), and from ICSN for trade dress infringement (Count III), and unfair trade practices in violation of M.G.L. c. 93A sec. 11 (Count IV). Defendants moved for summary judgment on all counts of Plaintiff's Complaint, which this Court granted on all counts except Count V, fraudulent misrepresentation. Pitney Bowes now asks this Court to reconsider its denial of summary judgment on Count V, arguing that Plaintiff cannot prove the damages element of its claim for fraudulent misrepresentation.

Under Massachusetts law, to recover for fraudulent misrepresentation Plaintiff must prove: 1) that Pitney Bowes made a false representation of a material fact with knowledge of its falsity for the purpose of inducing Plaintiff to act; 2) that Plaintiff relied upon the representation; 3) that Plaintiff's reliance was reasonable under the circumstances; and 4) that Plaintiff was

1

harmed as a result of his reasonable reliance. *Rodi v. Southern New England School of Law*, 532 F.3d. 11, 15 (1st Cir. 2008). Pitney Bowes argues it is entitled to summary judgment on Plaintiff's fraudulent misrepresentation claim because Plaintiff cannot prove the fourth element, that it was damaged as a result of its reliance.

In the summary judgment decision, this Court found that a reasonable jury could find that Plaintiff, relying on Pitney Bowes' representation that it would buy between 15,000 and 18,000 stylus holders, purchased the component parts and produced stylus holders to fulfill those orders. Pitney Bowes made no further orders after its initial order of 5,000 stylus holders, and Plaintiff sold the additional stylus holders it had produced to other buyers. Despite Plaintiff's recoupment of the expenses it incurred, this Court found it could still prove it was harmed by Pitney Bowes' alleged misrepresentation under the theory that it is a lost volume seller. Under this theory, a seller who sells a large volume of a given product, and thus could have had the benefit of both the sales from the original buyer and the new buyer(s) is entitled to the profit it would have received from the sales to the original buyer. *Teradyne, Inc. v. Teledyne Indus., Inc.*, 676 F.2d 865, 868 (1st Cir. 1982).[1]

Pitney Bowes argues that this measure of damages applies only to contract claims, and that on fraudulent misrepresentation claims such as this, a plaintiff should be limited to actual out-of-pocket damages incurred due to its reliance on those misrepresentations. This Court agrees. The Supreme Judicial Court has noted that the usual rule in cases of fraudulent misrepresentation is that the injured party receives benefit of the bargain damages. *Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co.*, 445 Mass. 411, 425 (2005). Benefit of the

---

[1] The Restatement (Second) of Contracts explains that "If the injured party could and would have entered into the subsequent contract, even if the contract had not been broken, and could have had the benefit of both, he can be said to have "lost volume" and the subsequent transaction is not a substitute for the broken contract. The injured party's damages are then based on the net profit that he has lost as a result of the broken contract." Restatement (Second) of Contracts § 347 (1981).

2

bargain damages are the difference between what a plaintiff has received and the actual value of what he would have received if the representations had been true. *Id*. at 424 n. 24. Under this general rule, Plaintiff would be entitled to lost profits under the lost volume seller theory.

However, the Court in *Twin Fires* goes on to explain that this measure of damages has been consistently limited to those cases where a plaintiff acquired something in a transaction that was of less value than he was led to believe it was worth. *Id*. at 425. In cases where a plaintiff only "loses" the opportunity to make a profit, however, recovery should be limited to reliance damages. *Id*. at 426; *see FranCounsel Grp., LLC v. Dessange Int'l SA*, 980 F. Supp. 2d 1, 7 (D. Mass. 2013) ("the proper measure of recovery for fraud under these circumstances is the pecuniary loss actually suffered as a result of the misrepresentation, rather than the 'loss' claimed from disappointed expectation."). As the Supreme Judicial Court explained, limiting recovery to reliance damages in such cases "is consistent with the purpose of tort law to compensate for loss sustained and to restore the plaintiff to his former position, and not to give him the benefit of any contract" where no contract exists, as here. *Id*. (internal quotations omitted). Plaintiff admits it was able to sell all of the products it produced in reliance on Pitney Bowes representation that Pitney Bowes would make future orders, and therefore its only "loss" was the lost opportunity to make a profit on both the Pitney Bowes orders and the orders from the buyers it eventually sold those products to. As this Plaintiff is not entitled to such damages, it cannot prove the damages element of its fraudulent misrepresentation claim, and summary judgment must be granted in favor of Pitney Bowes on Count V.

Defendant Pitney Bowes' Motion for Reconsideration is, therefore, granted, and summary judgment will enter in its favor on the claim for fraudulent misrepresentation (Count V)

SO ORDERED.

                                         **/s/ Timothy S. Hillman**
                                         **TIMOTHY S. HILLMAN**
                                         **UNITED STATES DISTRICT JUDGE**